PER CURIAM.
This is an appeal from a final judgment in a defamation action. Appellants were found liable in damages to the plaintiff, an attorney, for defamatory remarks contained in a letter written by the husband and typed and mailed by the wife. Damages were assessed at $5,000 compensatory and $35,000 punitive.
Two points are raised on appeal: (1) ex-cessiveness of the punitive damage award; and (2) the impropriety of the closing argument made by plaintiff’s counsel. We find reversible error oh the second point and, therefore, do not address the question of excessiveness of the punitive award.
On his initial closing argument, plaintiff’s counsel did not mention any specific figure to be awarded as punitive damages and suggested compensatory damages of $100 or $125 “plus some money for his mental anguish and anger.” Defense counsel did not refer to damages during his closing argument. On rebuttal, and over objection, plaintiff’s counsel specifically suggested $10,000 compensatory damages, and argued for an amount between $35,000 and $50,000 punitive damages. In Heddendorf v. Joyce, 178 So.2d 126 (Fla. 2d DCA 1965), allowing counsel to advance arguments as to specific amounts for the first time in his final summation, when opposing counsel has no opportunity to rebut, was held to be prejudicial error. In the present case, there was virtually no mention of any specific damages in plaintiff’s opening and nothing whatsoever in defendants’ argument on the subject. Obviously, plaintiff’s rebuttal argument was not truly in rebuttal of anything and was, instead, the raising of a new matter at an improper time. Under the circumstances of this case, the evidence, and the amount awarded, we conclude the error was harmful. We, therefore, reverse and remand for a new trial. The error related solely to damages, both compensatory and punitive, and the new trial shall be limited to damages and the evidence germane thereto.
REVERSED AND REMANDED.
BERANEK, HERSEY and GLICK-STEIN, JJ., concur.